[Civ. No. 9783. Third Dist. May 26, 1960.]

ALFRED J. ORTIZE, Respondent, v. MANUEL SMITH, Appellant.

T. N. Petersen for Appellant.

Thomas J. Kane, Jr., and Kane & Canelo for Respondent.

VAN DYKE, P. J.—This is an appeal from a money judgment in an action for damages for breach of an oral promise to lease certain real property.

The trial court, sitting without a jury, found, in substance, that on or about the 10th day of January, 1958, the appellant promised to lease premises at 1466 Broadway, Atwater, to respondent for use as a photographic studio; at that time appellant knew that in reliance upon said promise respondent would incur considerable expense in moving his photographic equipment and fixtures from his place of business at 5939 Bellevue Road, Atwater, to his home at 1870 Third Street, Atwater, at which latter location respondent planned to do the developing work for the studio to be operated upon the premises leased from appellant; that respondent did so move his equipment to his residence, but appellant refused to lease the premises at 1466 Broadway to respondent, who therefore necessarily incurred the additional expense of moving his equipment back to 5939 Bellevue Road; that the reasonable cost incurred by respondent in moving his equipment as aforesaid was $750.

Appellant does not challenge the sufficiency of the evidence to support the trial court's findings, but contends that the judgment entered in accordance therewith cannot be upheld because of the illegality of the action induced by the promise to lease.

Over respondent's objections, there was introduced in evidence the "Ordinance, Land Use and Zoning" and the "Land Use Zoning Map" of the City of Atwater. It appears therefrom that respondent's property at 1870 Third Street, to which he moved his equipment, was zoned for single family residence purposes and the use thereof for any commercial purposes, including the conducting thereon of a photographic laboratory, was unlawful. A proposed finding to that effect was rejected by the trial court on the ground that it was without the issues. We agree. The defense of illegal conduct

was not made out. There was nothing illegal in moving the equipment to a building wherein commercial businesses were prohibited, nor in its return to its former situation. Nor does it appear that it could not have been lawfully used in the place it was moved to under a variance permit. Only its use, which did not occur, could be illegal, and illegal conduct in future cannot be assumed. This latter is, however, beside the point. The conduct induced was not unlawful. The theory of recovery was that of informal contract as treated in Restatement of Contracts, Topic 4, section 90, commonly called "promissory estoppel." (See California Annotations, § 90.)

The judgment is affirmed.

Schottky, J., concurred.

PEEK, J.—I dissent. It clearly appears from the memorandum opinion of the trial court and its findings that the damages awarded represented the cost to plaintiff of moving his photographic equipment—an act obviously necessary to the use of the property as a photographic laboratory and admittedly in violation of the Atwater zoning ordinance.

If, as the majority holds, plaintiff may recover only because he failed to actually so use the premises, then it follows that had he begun operations at his home prior to defendant's refusal to lease his building, we would be compelled to deny recovery. I believe that such a distinction, under the facts shown, is entirely too fine and lends judicial approval to conduct which admittedly was in furtherance of an illegal purpose.

Plaintiff's conduct throughout was tinged with illegality. At the outset the basis of his complaint was that in reliance upon defendant's agreement to lease his building, plaintiff moved his equipment to his home for the avowed purpose of conducting a business which he knew was prohibited by law. That he knew such was violative of the zoning ordinance is well illustrated by his conduct in obtaining the necessary building permit. The record shows that when he applied for the permit, he did not state it was for the purpose of building a photographic laboratory, but for the purpose of constructing a ". . . double garage on rear of lot according to plans"; and that following the granting of the permit as requested, he altered his copy by adding the words, "photo and workshop." The city official in charge of the issuance of building permits testified that such words were not on the original issued by his office.

The majority opinion notes that a variance permit would have allowed the use of plaintiff's residence for business purposes. Of course that would be true, but only if such a variance had been requested and then only if approved by the city council. However the record is completely barren of any evidence in this regard.

If plaintiff's damages are to be considered as compensatory for his costs of moving his photographic equipment in reliance upon defendant's promise, then by reason of his knowledge of the specific prohibition upon the use of the premises for business purposes, and absent any showing that a variance permit had been granted, assured, or at least applied for, certainly it cannot be said that the expenditures so incurred by him were "provident and reasonable" as noted in the statement of the rule as set forth in Restatement of Contracts, section 333, comment b.

Courts should not lend their assistance or encouragement to the consummation of acts which public policy specifically forbids.

I would reverse the judgment.

A petition for a rehearing was denied June 21, 1960. Peek, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied July 20, 1960. Peters, J., was of the opinion that the petition should be granted.